Wyly, J.
The plaintiff, in 1869, insured a lot of groceries and some furniture in a building occupied by him, in The Fireman’s Insurance Company for $1200, paying the premium, $24.
Within twelve months thereafter, and during the continuance of the policy, a fire occurred and the property insured was destroyed.
Plaintiff then sued on the policy, The Fireman’s Insurance Company for the loss sustained by him, which is proved to be equal to the amount of the insurance. He also, in the same suit, sued The Pelican Insusurance Company for the same amount, alleging that they assumed the risk or obligation of The Fireman’s Insurance Company to plaintiff.
The court came to the conclusion that the case was fully made out against The Fireman’s Insurance Company, and that the contract he- *369 tween Tbe Fireman’s Insurance Company and Tbe Pelican Insurance Company was not one of ordinary reinsurance; but was an assumption by the latter of all the risks taken by the former, to facilitate a liquidation of affairs; and it was made not to secure The Fireman’s Insurance Company merely, but for the use and benefit of those to whom that company liad issued the policy. That it was a stipulation pour autrui, of which the third parties could avail themselves according to the articles 1890 and 1902 of the Revised Code.
Judgment was accordingly rendered against each of the defendants for $1200, the amount of the insurance. The Pelican Insurance Company alone has appealed.
There are two reasons why the judgment against the appellants should be reversed:
Mrsi — The evidence shows that this was a case merely of ordinary reinsurance, no policy being issued, no Written agreement being entered into, but the application for reinsurance by The Fireman’s Insurance Company being entered in the books of The Pelican Insurance Company, as we infer the custom is among insurance companies in cases of this kind.
Second — If there was. a stipulation pour autrui, or a contract whereby The Pelican Insurance Company assumed the obligation of The Fireman’s Insurance Company, the plaintiff can not enforce it, because said agreement was not in writing, and the law is that the promise to pay the debt of another can not be proved by parol evidence.
It is therefore ordered that the judgment herein against the appellants, The Pelican Insurance Company, be annulled, and that plaintiff’s demand as to them be rejected with costs of both courts.